DAVID E. MASTAGNI, ESQ. (SBN 204244)
davidm@mastagni.com
ALEXANDRA N. HOLLAND (SBN 363507)
aholland@mastagni.com
**MASTAGNI HOLSTEDT, A.P.C.**
1912 I Street
Sacramento, California 95811
Telephone: (916) 446-4692
Facsimile: (916) 447-4614

Attorneys for Plaintiffs

LISA S. CHARBONNEAU, Bar No. 245906
lcharbonneau@lcwlegal.com
M. LUCY GOODNOUGH, Bar No. 310607
lgoodnough@lcwlegal.com
**LIEBERT CASSIDY WHITMORE**
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105
Telephone: (415) 512-3000
Facsimile: (415) 856-0306

Attorneys for Defendant
*Specially Appearing for Limited Purpose*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| PHILIP ADAME, JAMESON AMATO, JAMES ARNAUDO, AITOR AYLLON, JOSHUA AZOFEIFA, KORDELL BAKER, MICHAEL BARNES, DAVE BATTAGIN, ERIC BATTIATO, KSENIA BAWDEN, JASON BEALS, JEFFREY BECKNALL, RACHEL BERGLUND, ELVEDIN BESLAGIC, DAVID BOWEN, TREVOR CANTANHO, CHRISTIAN CECCHI, SIDDHARTHA CHIB, DOUGLAS CHRISTIAN, MICHAEL COLE, JACOB CONTRERAS, MITCHELL COOK, JILLIAN DEBAR, NICK DELGADO, MARIA DESANTIS, RYAN DESCHAMPS, ANTHONY DIBERNARDO, AARON DRUMRIGHT, VIET DUONG, JAMES DUPERLY, CHRIS EICHHORN, HUGO | Case No. 5:26-cv-03740-SVK<br><br>**STIPULATION AND ~~[PROPOSED]~~ ORDER TO EXTEND TIME LIMIT FOR SERVICE AND CONTINUE CASE MANAGEMENT DATES**<br>AS MODIFIED BY THE COURT<br><br>Date Action Filed: April 29, 2026<br>Judge: Hon. Susan van Keulen |

ESTRADA, ERIC FETZ, HENRY FIGUEROA, MITCH FLAHERTY, ROBERT FLETCHER, ROBERT FLOURNOY, KEVIN FOGLEMAN, NATHAN FORD, CHRISTOPHER GAFFNEY, RODRIGO GALINDO, AARON GANDY, BRIAN GAUKEL, CHRIS GLADFELTER, SIMON GOBER, DMITRIY GOLOVEY, LANDO GREY, JACOB GUERRIERA, BRANDON HALE, WILLIAM HALL, ISAAC HALL-CRUZ, ELIZABETH HARKINS, DANIEL HARRINGTON, MAEKIN HEALY, JON HEMENEZ, CARLOS HERNANDEZ, MICHAEL HERSCOVITCH, WESTYN HERSCOVITCH, JUSTIN HO, VAN HUYNH, NATALIE INGRAM, STEVE JARAMILLO, WYATT JOLLIFFE, SEAN JUNGE, KEITH JYUNG, STEVEN KASTNER, MIKE KAUFMANN, KEVIN KELLER, DAVID KENT, PHILLIP KLEINHEINZ, JAMIN KNIGHT, MARIE KOMARA, CHASE LAMBERT, EMILE LEDUC, LUKAS LERNER, BLAKE MAKISHIMA, LARRY MAR, PHIL MARRONE, EDUARDO MAYA, NICOLE MCCURRY, GARRETT MCDOWELL, MICHAEL MCGEE, PEDRO MENA, BRANDON MERRICK, ELI MERVINE, CALOGERO MONACHINO, MICHAEL MURGALLIS, PETER MURGALLIS, THIEN-PHU NGO, JOHN O'LEARY, JEFFREY ORLANDO, JOSE OROZCO, JONATHAN OTT, DANIEL OWENS, ANTHONY PASCOAL, PETER PASCOAL, ROBERT PERRY, BRIAN PRICE, RYAN QUINLEY, PHIL REIOUX, CHRIS RENSHAW, DOMINIC RESTANI, NICHOLAS RESTANI, DANIEL RICE, KELLEY RICHARDS, JASON RIDER, BRYANT RIOS, MATTHEW SELLERS, DENNIS SHADDLE, RYAN SHOEMAKER, BRYAN SILVA, ANDRE JEROME SOTO, KEVIN CAMERON SMITH, SEAN TRACY, HUONG GIANG TRAN, CHARLES VISO JR., TRUNG VO, PATRICK WALSH, CAMERON WEIRSHAUSER, CHRISTOPHER WILDEROTTER, DAVID WILLIAMS,

KLAYTON WILLIAMS, SAMUEL WILLIS, DAVID YANNELLI-TOCA, DENNIS YEE, on behalf of themselves and all similarly situated individuals,

Plaintiffs,

v.

CITY OF SANTA CLARA,

Defendants.

TO THE COURT AND ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:

WHEREAS, this putative collective action was filed on April 29, 2026, asserting Defendant City of SANTA CLARA violated the overtime payment provisions of the Fair Labor Standards Act ("FLSA").

WHEREAS, prior to filing the collective action, on October 3, 2025, Plaintiffs' counsel David E. Mastagni notified Defendant by letter to the City Attorney of Plaintiffs' FLSA claims and requested to enter a tolling agreement, so that the Parties could explore settlement.

WHEREAS, on November 6, 2025, Plaintiffs' counsel David E. Mastagni and Defendant entered a tolling agreement effective October 3, 2025 through December 31, 2026.

WHEREAS, Plaintiffs submitted a detailed, global settlement offer to Defendant on December 3, 2025.

WHEREAS, on February 6, 2026, Plaintiffs sent a letter requesting that the City engage in good faith settlement negotiations.

WHEREAS, the City retained outside counsel for this matter and Plaintiffs filed the complaint; Plaintiffs also notified Defendant of the filed complaint and offered to continue settlement discussions.

WHEREAS, the Parties expressed interest in avoiding litigation costs and exploring settlement, Plaintiffs agreed to delay service of the complaint. Plaintiffs agreed to delay service as a

strategic choice made in good faith to avoid escalating costs though potentially avoidable litigation. The Parties agreed that if settlement discussions were successful, there would be no need to serve Defendant. Courts have recognized that good faith settlement negotiations constituted good cause to extend the deadline for service of process upon Defendant. *United Coin Mach. Co. v. Gaming Tech. Grp*., No. 2:12-cv-195-LRH-PAL, 2012 U.S. Dist. LEXIS 96076, at *3 (D. Nev. Jul. 10, 2012); *Spengler v. Seagate Tech.*, No. CIV. 89-20102 SW, 1991 WL 335996, at *1 (N.D. Cal. June 6, 1991); *Assad v. Liberty Chevrolet, Inc.*, 124 F.R.D. 31, 31 (D.R.I. 1989).

WHEREAS, the Parties have engaged in continued substantive and productive settlement discussions, including the City's explanation of its overtime regular rate practices including detailed payroll and time records for one representative work period. The Parties have exchanged legal authorities regarding Plaintiffs claims and the proper methodology for calculating overtime.

WHEREAS, the Parties have made significant progress on settlement. Defendant presented a formal, detailed settlement offer on August 10, 2026 and Plaintiffs have presented a formal, detailed settlement counteroffer on September 22, 2026.

WHEREAS, the original deadline to serve Defendant was July 28, 2026 and the Court previously granted two stipulations by Parties for 30-day extensions to the deadline. (ECF Nos. 14–17, 19.) The current deadline to serve Defendant is September 28, 2026. (ECF No. 19.) A further 30-day extension of time to effect service of process will provide time for Defendant to respond to the counteroffer and Parties to continue settlement discussions without causing any prejudice. Parties have proposed related extensions to case management events (ECF No. 19) set out in the table set forth below, subject to the Court's approval.

WHEREAS, the Court initially set the Initial Case Management Conference on August 11, 2026. (ECF No. 13.) In granting the second stipulated extension, the Court continued the conference to December 8, 2026. (ECF No. 19.)

WHEREAS, Parties agree that this stipulation is not to be considered a general appearance by the City. Parties agree that counsel for the City makes a special, limited appearance for the sole purpose of this stipulated request for extension of time for service and related management deadlines to accommodate continued settlement discussions and in hope of avoiding the need for further court

proceedings in this matter. Defendant has not been served and reserves all rights, defenses, and arguments, including but not limited to challenges to the court's jurisdiction, the applicable statute of limitations, and validity/enforceability of the tolling agreement. Plaintiffs waive any right to raise any argument to the contrary.

THEREFORE, IT IS HEREBY STIPULATED by the Parties that Plaintiffs time to effect service of process shall be extended to October 28, 2026.

The Parties also stipulate and respectfully request to continue the dates in the Order Granting Stipulation to Extend Time Limit for Service and Continue Case Management Deadlines (ECF No. 19) and the Clerk's Notice Setting Initial Case Management Conference (ECF No. 20) as follows:

| **Case Management Event** | **Current Deadline** | **Proposed Deadline** |
|---|---|---|
| File Certification of Conflicts and Interested Entities or Persons. (See Civil L.R. 3-15) | Upon first appearance (and supplement as necessary) | Upon first appearance (and supplement as necessary) |
| Defendant's Deadline to Consent/Decline Magistrate Judge Jurisdiction | Within 14 days of first appearance | Within 14 days of first appearance after service |
| Deadline to file ADR Certification. (See ADR L.R. 3; ECF No. 19) | 11/13/26 | 12/14/26 |
| Deadline to meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan. (See F.R. Civ. P. 26(f); ECF No. 19) | 11/13/26 | 12/14/26 |
| Deadline to make initial disclosures. (See F.R. Civ. P. 26(a)(1); ECF No. 19) | 11/27/26 | 12/28/26 |
| Deadline to file Joint Case Management Statement. (See Standing Order for All Judges of the Northern District of California; ECF No. 20) | 12/1/26 | 1/12/26 |
| Deadline to email list of names and emails of counsel and parties to appear at Initial Case Management Conference (See ECF Nos. 19, 20) | 12/4/26 at 3:00 PM | 1/15/26 at 3:00 PM |
| Initial Case Management Conference: To be held by Zoom. Go to cand.uscourts.gov/svk for Zoom link. (See ECF Nos. 19, 20) | 12/8/26 at 9:30 AM | 1/19/27 at 9:30 AM |

///

///

///

///

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD:

Dated: September 25, 2026

**MASTAGNI HOLSTEDT, A.P.C.**

By: *\/s/ David E. Mastagni*
DAVID E. MASTAGNI
ALEXANDRA N. HOLLAND
Attorneys for Plaintiffs

Dated: September 25, 2026

**LIEBERT CASSIDY WHITMORE**

By: */s/ M. Lucy Goodnough*
LISA S. CHARBONNEAU
M. LUCY GOODNOUGH
Attorneys for Defendant
*Specially Appearing for Limited Purpose*

SIGNATURE ATTESTATION

I hereby attest that I have obtained the authorization from the signatories to this e-filed document and have been authorized to indicate their consent by a conformed signature (/s/) within this e-filed document.

By: */s/ David E. Mastagni*
DAVID E. MASTAGNI

# ~~[PROPOSED]~~ ORDER

IT IS HEREBY ORDERED, based on the Parties' stipulation and for good cause shown, that:

1. The deadline for Plaintiffs' time to effect service of process is extended to ~~November~~ October 28, 2026.

2. The Case Management Deadlines are reset as follows:

| **Case Management Event** | **Current Deadline** | **Proposed Deadline** |
|---|---|---|
| File Certification of Conflicts and Interested Entities or Persons. (See Civil L.R. 3-15) | Upon first appearance (and supplement as necessary) | Upon first appearance (and supplement as necessary) |
| Defendant's Deadline to Consent/Decline Magistrate Judge Jurisdiction | Within 14 days of first appearance | Within 14 days of first appearance after service |
| Deadline to file ADR Certification. (See ADR L.R. 3; ECF No. 19) | 11/13/26 | 12/14/26 |
| Deadline to meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan. (See F.R. Civ. P. 26(f); ECF No. 19) | 11/13/26 | 12/14/26 |
| Deadline to make initial disclosures. (See F.R. Civ. P. 26(a)(1); ECF No. 19) | 11/27/26 | 12/28/26 |
| Deadline to file Joint Case Management Statement. (See Standing Order for All Judges of the Northern District of California; ECF No. 20) | 12/1/26 | 1/12/26 |
| Deadline to email list of names and emails of counsel and parties to appear at Initial Case Management Conference (See ECF Nos. 19, 20) | 12/4/26 at 3:00 PM | 1/15/26 at 3:00 PM |
| Initial Case Management Conference: To be held by Zoom. Go to cand.uscourts.gov/svk for Zoom link. (See ECF Nos. 19, 20) | 12/8/26 at 9:30 AM | 1/19/27 at 9:30 AM |

This is the final continuance of these deadlines and the Initial Case Management Conference. If there is no settlement by 1/12/2027, the Parties must file a Joint Case Management Statement on that date and appear at the Initial CMC on 1/19/2027.

**IT IS SO ORDERED.**

Dated: September 29, 2026

HONORABLE SUSAN VAN KEULEN